IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| ANTOINETTE GONZALES, CAROLL AUSTIN, SARAH CLOVER, and ANNETTE MORA, and A CLASS OF SIMILARLY SITUATED CITY EMPLOYEES,<br><br>           Plaintiffs,<br><br>vs.<br><br>THE CITY OF ALBUQUERQUE, ED ADAMS, Chief Administrative Officer, and ESTHER TENENBAUM, Division Manager, in their individual and official capacities,<br><br>           Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Case No. Civ. 09-520 DJS/RLP<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES
## TO PLAINTIFFS' COMPLAINT

Defendants, CITY OF ALBUQUERQUE ("City"), ED ADAMS, and ESTHER TENENBAUM, by and through their attorneys, Seyfarth Shaw LLP, hereby answer Plaintiffs' Complaint of Violations of Statutory and Constitutional Law ("Complaint") and affirmatively defend as follows:

1.      Defendants admit the allegations in Paragraph 1 of the Complaint.

2.      Defendants admit that Plaintiffs purportedly seek to represent other employees but deny the remaining allegations in Paragraph 2 of the Complaint.

3.      Defendants admit that Plaintiffs' Complaint names the Defendants described in Paragraph 3 of the Complaint. Defendants deny all violations of statutory and/or constitutional law as alleged in the Complaint.

4.      In response to Paragraph 4 of the Complaint, Defendants state that the referenced Rules and Regulations speak for themselves and, therefore, no answer is required.

5.  In response to Paragraph 5 of the Complaint, Defendants state that the referenced advertisements speak for themselves and, therefore, no answer is required.

6.  In response to the allegations contained in Paragraph 6 of the Complaint that the "employment position advertisements did state that 'This is not a union position,'" Defendants state that the referenced advertisements speak for themselves and, therefore, no answer is required.  Defendants deny the remaining allegations in Paragraph 6 of the Complaint.

7.  Defendants deny the allegations in Paragraph 7 of the Complaint.

8.  Defendants deny the allegations in Paragraph 8 of the Complaint.

9.  Defendants deny the allegations in Paragraph 9 of the Complaint.

10. Defendants deny the allegations in Paragraph 10 of the Complaint.

11. Defendants admit one or more unions filed a complaint on or around May 5, 2005 with the City's Labor Board over which the Labor Board lacked jurisdiction.   Defendants deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 11 of the Complaint and therefore deny them.

12. Defendants deny the allegations in Paragraph 12 of the Complaint.

**Factual Allegations**

13. Defendants admit Plaintiff Antoinette Gonzales was employed by the City at the Citizen Contact Center since March 2005 initially as a citizen contact center agent and later as a supervisor.  Defendants deny the remaining allegations in Paragraph 13 of the Complaint.

14. Defendants admit Gonzales received Workers' Compensation benefits for an injury the date of which Defendants lack knowledge sufficient to form a belief as to its truth. Defendants admit Ms. Tenenbaum terminated Plaintiffs' employment on September 12, 2008. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 14 of the Complaint and, therefore, deny them.

15. Defendants admit the allegations contained in paragraph 15 of Plaintiffs' Complaint

16. Defendants admit that Gonzales was expected to and did work in excess of 40 hours per week. Defendants lack knowledge or information sufficient to form a belief as to the truth of Gonzales's "understanding" and, therefore, deny the remaining allegations in Paragraph 16 of the Complaint.

17. Defendants admit Plaintiff Caroll Austin was employed as an Agent II with the 311 CCC. Defendants deny Austin was "a highly competent employee, with and [sic] excellent record of attendance and performance." Defendants deny that Tenenbaum advised Gonzales that her surgery would have to wait. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 17 of the Complaint and, therefore, deny them.

18. Defendants admit Ms. Austin requested leave without pay around January 2008, and that Ms. Tenenbaum informed her that her leave without pay was denied; she had exhausted all her benefit and FMLA time; and that Ms. Austin could resign, or if she did not report to work as scheduled, it would be considered job abandonment under the City's Rules and Regulations.

19. Defendants admit the allegations in paragraph 19 of Plaintiffs' Complaint, with the exception that they lack knowledge sufficient to form a belief as to whether Ms. Austin requested a hearing and was denied, which allegation they deny at this time. Defendants deny that she would have been entitled to a hearing.

20. Defendants admit the allegations in paragraph 20 of Plaintiffs' Complaint, with the exception that Ms. Clover showed a hundred percent attendance.

CH1 11723998.2

21. Defendants admit that on or around July 19, 2007, Tenenbaum asked Clover to go home. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 21 of the Complaint and, therefore, deny them.

22. Defendants deny the allegations in Paragraph 22 of the Complaint.

23. In response to the allegations in Paragraph 23 that "Tanda Meadors" "wrote to Ms. Mora," Defendants state that the referenced letter speaks for itself and, therefore, no answer is required. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 23 of the Complaint and, therefore, deny them.

24. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24 in the Complaint that Mora was recovering and planned to return to work and, therefore, deny them. In response to the allegations in Paragraph 24 that "Mary Scott wrote to Ms. Mora," Defendants state that the referenced letter speaks for itself.

25. Defendants deny the allegations in Paragraph 25 of the Complaint.

26. Defendants admit Plaintiffs purportedly seek "class-action representational status." Defendants deny that such status is proper and deny the remaining allegations in Paragraph 26 of the Complaint.

In response to the Paragraph beginning, "WHEREFORE," Defendants deny that any relief can be granted against them and state that this case should be dismissed and that they should be awarded their costs and attorneys' fees and such other relief as the Court deems appropriate.

## COUNT I

## BREACH OF EMPLOYMENT CONTRACT

27. Defendants incorporate by reference their answers to the previous paragraphs of the Complaint.

CH1 11723998.2

28. Defendants deny the allegations in Paragraph 28 of the Complaint.

29. Defendants deny the allegations in Paragraph 29 of the Complaint. To the extent that the allegations in Paragraph 29 of the Complaint are legal conclusions, Defendants state that no answer is required.

30. Defendants deny that Plaintiffs are entitled to any relief and state that the allegations in Paragraph 30 are legal conclusions and, therefore, no answer is required.

## COUNT 2

### DENIAL OF DUE PROCESS AND EQUAL PROTECTION

31. Defendants incorporate by reference their answers to the previous paragraphs of the Complaint.

32. Defendants state the allegations in Paragraph 32 of the Complaint are legal conclusions and, therefore, no answer is required.

33. Defendants deny the allegations in Paragraph 33 of the Complaint. To the extent that the allegations in Paragraph 33 of the Complaint are legal conclusions, Defendants state that no answer is required.

34. Defendants deny the allegations in Paragraph 34 of the Complaint.

35. Defendants deny the allegations in Paragraph 35 of the Complaint.

36. Defendants deny the allegations in Paragraph 36 of the Complaint.

37. Defendants deny that Plaintiffs are entitled to any relief and state that the allegations in Paragraph 37 are legal conclusions and, therefore, no answer is required.

## COUNT 3

### WRONGFUL TERMINATION OF EMPLOYMENT

38. Defendants incorporate by reference their answers to the previous paragraphs of the Complaint.

39. Defendants admit that Plaintiffs "alternatively plead" the allegations in Paragraph 39 of the Complaint. Defendants deny that Plaintiffs are entitled to any relief against Defendants and further deny the substance of all such allegations.

40. Defendants deny the allegations in Paragraph 40 of the Complaint.

41. Defendants deny the allegations in Paragraph 41 of the Complaint. To the extent that the allegations in Paragraph 41 of the Complaint are legal conclusions, Defendants state that no answer is required.

42. Defendants deny that Plaintiffs are entitled to any relief and state that the allegations in Paragraph 42 are legal conclusions and, therefore, no answer is required.

## COUNT 4

### VIOLATIONS OF THE FAMILY AND MEDICAL LEAVE ACT

43. Defendants incorporate by reference their answers to the previous paragraphs of the Complaint.

44. Defendants deny that Plaintiffs are entitled to any relief and state that the allegations in Paragraph 44 are legal conclusions and, therefore, no answer is required.

## COUNT 5

### VIOLATIONS OF THE FAIR LABOR STANDARDS ACT

45. Defendants incorporate by reference their answers to the previous paragraphs of the Complaint.

46. Defendants admit Ms. Gonzales was a supervisor at the 311 Citizens Contact Center. Defendants deny the remaining allegations in paragraph 46 of the Complaint. To the extent that the allegations in Paragraph 46 of the Complaint are legal conclusions, Defendants state that no answer is required.

CH1 11723998.2

47.     Defendants deny the allegations in Paragraph 47 of the Complaint. To the extent that the allegations in Paragraph 47 of the Complaint are legal conclusions, Defendants state that no answer is required.

## COUNT 6

## CLASS AND COLLECTIVE ACTION

48.     Defendants incorporate by reference their answers to the previous paragraphs of the Complaint.

49.     Defendants admit that Plaintiffs purportedly bring this action pursuant to the Rules referenced in Paragraph 49 of the Complaint and that Plaintiffs purportedly bring this action in a representative capacity. Defendants deny the remaining allegations in Paragraph 49 of the Complaint and further deny that collective action or class action status is appropriate; deny that Plaintiffs are similarly situated to other purported putative class members; and deny that others "who later choose to opt in" may be represented by the Plaintiffs.

50.     Defendants admit that Plaintiffs purportedly seek to represent the class described in Paragraph 50 of the Complaint. Defendants deny that any such putative class members exist; deny that collective action or class action status is appropriate; and deny that Plaintiffs are entitled to any relief whatsoever.

51.     Defendants deny the allegations in Paragraph 51 of the Complaint.

52.     Defendants deny the allegations in Paragraph 52 of the Complaint.

53.     Defendants deny the allegations in Paragraph 53 of the Complaint.

54.     Defendants deny the allegations in Paragraph 54 of the Complaint.

55.     Defendants deny the allegations in Paragraph 55 of the Complaint.

CH1 11723998.2

## COUNT 7

## DECLARATORY JUDGMENT

56. Defendants incorporate by reference their answers to the previous paragraphs of the Complaint.

57. Defendants deny the allegations in Paragraph 57 of the Complaint.

58. Defendants deny the allegations in Paragraph 58 of the Complaint.

59. Defendants state that the statute referenced in Paragraph 59 of the Complaint speaks for itself and, therefore, no answer is required.

60. Defendants deny the allegations in Paragraph 60 of the Complaint and to the extent that the allegations in Paragraph 60 of the Complaint are legal conclusions, Defendants state that no answer is required.

## PRAYER FOR RELIEF

61. Defendants deny that Plaintiffs are entitled to the relief requested in the Paragraph beginning "WHEREFORE."

62. Any allegations in the Complaint not addressed herein are specifically denied.

## **AFFIRMATIVE DEFENSES**

1. The Court has no jurisdiction over events occurring outside of the applicable statutes of limitations.

2. At all times relevant hereto, Defendants acted in good faith compliance with all applicable Wage and Hour laws, including the FLSA and FMLA.

3. The Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

4. The Plaintiffs are not similarly situated to each other or to other City employees as is required for a representative collective action.

5. Antoinette Gonzalez is exempt under § 13 (a) (1) of the FLSA.

6. This action may not be maintained as a collective action against Defendants.

7. This action may not be maintained as a class action against Defendants.

8. Plaintiffs' claims are preempted, in whole or in part, by ERISA to the extent they seek to recover damages for alleged lost benefits subject to ERISA.

9. Plaintiffs' claims are preempted, in whole or in part, by the New Mexico Public Employee Bargaining Act (and or the Albuquerque Collective Bargaining Ordinance).

10. Plaintiffs' claims are premature to the extent they failed to exhaust available administrative remedies.

WHEREFORE, having answered and affirmatively defended, Defendants respectfully request that the court dismiss Plaintiffs' complaint with prejudice, award them their costs and attorneys' fees, and grant such other and further relief as is just and proper.

Respectfully Submitted,
City of Albuquerque
Robert M. White
City Attorney

Michael I. Garcia
Assistant City Attorneys
P.O. 2248
Albuquerque, N.M. 87103
(505) 768-4663

Edward W. Bergmann
Seyfarth Shaw LLP
131 S. Dearborn Street
Suite 2400
Chicago, Illinois 60603
312-460-5000

CH1 11723998.2

I hereby certify that on the 1st day of June, 2009,

I filed the foregoing electronically
through the CM/ECF system, which caused
the following parties or counsel to be served
by electronic means, as more fully reflected
on the Notice of Electronic Filing:

Paul Livingston
P.O. Box 250
Placitas, N.M. 87043


  /s/ Electronically signed
Michael I. Garcia