IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ANTOINETTE GONZALES, CAROLL
AUSTIN, SARAH CLOVER, and ANNETTE
MORA, and A CLASS OF SIMILARLY
SITUATED CITY EMPLOYEES,

        Plaintiffs,

vs.                                      No. CIV 09-0520 JB/RLP

THE CITY OF ALBUQUERQUE, ED
ADAMS, Chief Administration Officer, and
ESTHER TENENBAUM, Division Manager, in
their individual and official capacities,

        Defendants.

## MEMORANDUM OPINION AND ORDER

      **THIS MATTER** comes before the Court on the Plaintiffs' Motion and Memorandum to

Compel Discovery and for Sanctions, filed December 1, 2009 (Doc. 23). The Court held a hearing

on January 20, 2010. The primary issues are: (i) whether the Court should compel Defendants Ed

Adams, Esther Tenenbaum, and the City of Albuquerque to provide the Plaintiffs with supplemental

answers to Interrogatories Nos. 1, 2, 3, 4, 5, 6, 7, 9, 11, 12, 13, 14, 15, and 16; (ii) whether the Court

should compel the Defendants to provide supplemental responses to the Plaintiffs' Requests for

Production of Documents; and (iii) whether the Court should award sanctions to the Plaintiffs in the

amount of their attorney's time and fees expended in presenting and prosecuting this motion.

Because the Court finds that the Plaintiffs have requested relevant information, and because the

Court finds that the requests are not vague, ambiguous, overbroad, or unduly burdensome, the Court

will grant the motion to compel as to Interrogatories Nos. 1, 2, 3, 5, 6, 7, 9, 11, 12, 13, 14, 15,

and 16, and as to Requests for Production Nos. 1-5. The Court will deny the motion to compel as

to Interrogatory No. 4 because the Defendants have already provided a satisfactory answer.  The Court will also award the Plaintiff a portion of the fees incurred in preparing and prosecuting the motion to compel.

## FACTUAL BACKGROUND

The Plaintiffs were permanent, full-time employees of the City of Albuquerque's 311 Citizen Contact Center ("311-CCC") who were terminated from their positions without notice, hearings, or reasons for their terminations.  See Motion at 1.  The Plaintiff contends that the City of Albuquerque considered the 311-CCC operators and supervisors as unclassified employees who are not entitled to notice, hearings, or reasons for termination.  See Complaint of Violations of Statutory and Constitutional Law ¶¶ 9, 34 at 3, 9, filed May 27, 2009 (Doc. 1-2).  The Plaintiffs have brought this action against the City of Albuquerque, Adams, and Tenebaum alleging claims for breach of contract, due-process and equal-protection violations, wrongful termination, Family and Medical Leave Act violations, and Fair Labor Standards Act violations.  See Complaint ¶¶ 27-47, at 7-11.

## PROCEDURAL BACKGROUND

On October 3, 2009, the Plaintiffs' counsel delivered to the Defendants' counsel a set of interrogatories and requests for production.  See Motion at 1.  The Defendants' responses were mailed and electronically-mailed to Plaintiffs' counsel on November 10, 2009.  See Motion at 2.  The Defendants responded with general objections to all the Plaintiffs' interrogatories, asserting privilege, that the interrogatories are vague, ambiguous, unduly burdensome, and/or not reasonably calculated to lead to the discovery of admissible evidence, that the Defendants do not have the documents in their custody or control, and that a comprehensive search of the Defendants' electronically stored information would be too burdensome.  See Defendants' Answers to Plaintiffs' Class Action Interrogatories at 1-2, filed December 1, 2009 (Doc. 23-2).  On November 19, 2009,

the parties held a telephone conference to address the discovery requests and to resolve their disputes. <u>See</u> Motion at 2. The Defendants agreed to supplement their responses but refused to withdraw the general objections. <u>See</u> Motion at 2; Defendants' Opposition to Plaintiffs' Motion to Compel Discovery and for Sanctions at 2, filed December 15, 2009 (Doc. 29). Supplementation did not occur before the Plaintiffs filed their motion to compel on December 1, 2009.

The day after the Plaintiffs filed their motion to compel, the Defendants provided the Plaintiffs with a supplemental response to the interrogatories, which waived all of the general objections in the original answer, except the objection based on privilege, <u>see</u> Defendants' Supplemental Answers to Plaintiffs' Class Action Interrogatories at 1, filed December 15, 2009 (Doc. 29-2), and a supplemental response to the requests for production, which waived the same non-privilege general objections, <u>see</u> Defendants' Supplemental Response to Plaintiffs' Class Action Requests for Production of Documents at 2, filed December 15, 2009 (Doc. 29-3). In the Defendants' response to this motion, they also assert that, in addition to their agreement to supplement, the Plaintiffs also agreed to revise some of the interrogatories and that the Plaintiffs have not done so. <u>See</u> Response at 2. The Defendants's counsel sent an electronic-mail message to the Plaintiffs' counsel on December 8, 2009, stating: "We should also discuss where we are at relative to the motion to compel following our supplemental responses which we had advised you would be delayed." Response Exhibit C at 2, filed December 15, 2009 (Doc. 29-4). At the time of the Defendants' response to this motion, the Plaintiffs had not responded to the electronic-mail message. <u>See</u> Response at 3. On December 11, 2009, the Defendants made another supplemental production of documents to the Plaintiffs. <u>See</u> Response Exhibit D (Doc. 29-5). The Defendants argue that the Plaintiffs' motion to compel was premature, because it was filed without giving the

Defendants sufficient time to provide supplemental responses.  See Response at 3.[1]  The Defendants also argue that sanctions are inappropriate because the Plaintiffs filed the motion to compel prematurely.  See Motion at 29.

In their reply, the Plaintiffs contend that they timely submitted their motion to compel and that, although the Defendants submitted supplemental responses, those responses "added little or nothing to their initial insubstantial content."  Plaintiffs' Reply to Defendants' Opposition to Motion to Compel Discovery and for Sanctions at 1-2, filed January 8, 2010 (Doc. 31).  According to the Plaintiffs, they did not know the Defendants had withdrawn their general objections until December 15, 2009.  See Reply at 6.[2]

## ANALYSIS

The Plaintiffs have moved the Court to compel the Defendants to respond to their interrogatories and to their requests for production.  The Defendants have asserted objections, stated that they will produce a supplement but have not, and argue that there has not been enough time to be responsive.  The Court believes that the Defendants have had sufficient time to produce answers and some production to the Plaintiffs, and will therefore order the Defendants to respond as set forth in this opinion.  The Court will also award the Plaintiffs a portion of the fees incurred.

## I.  THE PARTIES MUST ENTER INTO A PROTECTIVE ORDER.

The Defendants have objected that some of the information sought in the Plaintiffs'

---

[1] The Defendants contend that the two weeks between the parties' telephone conference and the Plaintiffs' filing of the motion to compel was an insufficient amount of time because of the Thanksgiving holiday and because of the unavailability of certain City of Albuquerque personnel.  See Response at 3.

[2] The Court notes that this contention conflicts with the Defendants' representation that they submitted their supplemental answers, which withdrew the objections, to the Plaintiffs on December 2, 2009.  See Response at 2-3.

discovery requests is private information.  The parties have not yet entered or filed a Confidentiality Order with the Court.  The Court, therefore, orders that the parties must negotiate and enter into a Confidentiality Order within ten days of this Order.  If the parties cannot reach an agreement on the terms of the Confidentiality Order, the parties may seek assistance from the Court by submitting competing forms, identifying precisely and clearly what is in dispute.[3]

## II.  THE COURT OVERRULES THE DEFENDANTS' OBJECTIONS TO THE PLAINTIFFS' INTERROGATORIES AND REQUESTS FOR PRODUCTION, AND ORDERS SIGNED VERIFICATIONS.

In their supplemental answers, the Defendants state "Defendants withdraw the General Objections contained in their November 10, 2009 Answers, except that they do not withdraw General Objection No. 1 as to privilege."  Defendants' Supplemental Answers to Plaintiffs' Class Action Interrogatories at 1; Defendants' Supplemental Responses to Plaintiffs' Class Action Requests for Production of Documents at 1.  In reply, the Plaintiffs argue that it is unclear whether the Defendants withdrew only their general objections, asserted in the introductory section of their original answers, or whether all objections were withdrawn.  See Reply at 6.

To the extent that any objections asserting that the Interrogatories or Requests for Production are vague, ambiguous, overbroad, or unduly burdensome were not withdrawn by the Defendants in their supplemental answers, the Court overrules those objections.  The Court finds that the Plaintiffs' requests are narrowly tailored to the issues in this case and are sufficiently clear to permit the Defendants to respond appropriately.

The Defendants retained an objection to privilege.  The Court orders that, to the extent that the Defendants can answer the Plaintiffs' interrogatories and produce documents responsive to the

---

[3] The Court refers the parties to the form of confidentiality order in the Manual for Complex Litigation at 752 (4th ed. 2004) as a possible form.

requests for production without violating attorney-client privilege or the work-product-doctrine, the Defendants must do so.  If there are documents that are responsive to the Plaintiffs' requests for production, the Defendants must create a privilege log in which they describe the documents, any persons identified in the documents, the relevant dates, the relevant Bates-numbers, and the privilege invoked.

The Court also orders that the supplemental answers to the Plaintiffs' interrogatories and requests for production, which the Court will order the Defendants to produce in this opinion, must be accompanied by a signed verification by the Defendants, representing that the answers were given by a representative of the Defendants and were under oath.

## III.   THE COURT WILL COMPEL THE DEFENDANTS TO PRODUCE SUPPLEMENTAL ANSWERS TO INTERROGATORIES NOS. 1, 2, 3, 5, 6, 7, 9, 11, 12, 13, 14, 15, AND 16.

The Plaintiffs urge the Court to compel the Defendants to respond fully to their interrogatories.  The Court has reviewed the supplemental responses that the Defendants provided to the Plaintiffs' interrogatories.  The Court finds that the Defendants have not sufficiently responded to many of the interrogatories that the Plaintiffs contend are in dispute.  The Court, therefore, will require the Defendants to provide supplemental answers, under oath, to Interrogatories Nos. 1, 2, 3, 5, 6, 7, 9, 11, 12, 13, 14, 15, and 16 within ten days of this Order.

### A.   INTERROGATORIES NO. 1 AND NO. 2.

Interrogatory No. 1 requests the identity of all terminated 311-CCC employees between 2004 and the present, the dates of termination, and the reasons for termination.  Interrogatory No. 2 requests the addresses and telephone numbers of the individuals identified in Interrogatory No. 1. The original answer to Interrogatory No. 1 provided by the Defendants states: "Attached hereto is a list of employees involuntarily terminated from the 311 Citizen Contact Center from its inception

to the present with the name and address of the person, the date of termination, and reason for termination."   Defendants' Answer to Plaintiffs' Class Action Interrogatories at 3, filed December 1, 2009 (Doc. 23-2).  The chart attached contains names, employment status (terminated or resigned), the hire date, and the last day of employment.  See Doc. 23-3 at 1.  A second attachment lists stated reasons for termination of employment with three different entries: (i) services no longer needed; (ii) unknown; and (iii) N/A.  See Doc. 23-3 at 2.  In the Defendants' supplemental answer, the Defendants provided one additional name.  In the original answer to Interrogatory No. 2, the Defendants objected to providing the telephone numbers based on privacy. In the supplemental answer, the Defendants stated that they would provide a list of telephone numbers, subject to a protective order, only if "counsel for Plaintiffs cannot obtain [the telephone numbers] through other means after a reasonable attempt to do so."  See Supplemental Answers at 3.

At the hearing, Paul Livingston, the Plaintiffs' attorney, stated that the Defendants still have not provided the addresses requested in Interrogatory No. 1.  Mr. Livingston also expressed dissatisfaction with one of the reasons given for termination -- "services no longer needed." Mr. Livingston stated that he learned from a deposition with Tenenbaum that there are various reasons for termination, which include a progressive discipline scheme and terminations for specific given reasons.  Mr. Livingston argued, therefore, that the answers to Interrogatory No. 1 do not reflect the knowledge of the Defendants regarding the reasons for termination.

Edward W. Bergmann, the Defendants' counsel, stated that his co-counsel, Michael I. Garcia, provided the addresses to the Plaintiffs via an electronic-mail transmission sent on November 19, 2009, which included an attached chart which included addresses and reasons. Mr. Bergmann also stated that the reason that 311-CCC gives to terminated employees is "your services are no longer needed" and therefore the response the Defendants gave to the request for the

reason for termination was sufficient.  Mr. Bergmann also stated that Mr. Livingston made representations to him during the November 19, 2009 telephonic conference that Mr. Livingston would find the telephone numbers through an internet search or telephone book.  Mr. Livingston responded that the list that he was electronically mailed does not contain addresses.

The Court orders that the Defendants provide an amended answer to Interrogatory No. 1 which in the answer, and not in an attachment or chart, provides the addresses of the identified terminated employees and the reasons for termination.  The amended answer must be under oath and must state the information in the Defendants' knowledge.  The Court also orders that the Defendants must provide a supplemental response to Interrogatory No. 2, which gives the telephone numbers of the terminated employees identified in Interrogatory No. 1.  The Court notes that the Defendants may cover this information under the Confidentiality Order, which the Court has ordered the parties to put in place.

**B.    INTERROGATORY NO. 3.**

Interrogatory No. 3 seeks the identity of every employee or former employee of 311-CCC who was told that his or her "services are no longer needed," as well as the date the employee was told this statement and by whom he or she was told.  The Defendants' original answer objected to Interrogatory No. 3 as vague, ambiguous, overbroad, and unduly burdensome.  In their supplemental answer, the Defendants stated that no further reason other than "services no longer needed" or "unknown" is stated in the 311-CCC records, and that current management does not have a present recollection of the reasons for termination given to those individuals where the reason is listed as unknown.  At the hearing, Mr. Bergmann stated that there may not be information in Defendants files stating more information.  He also indicated that the Defendants have already provided a chart showing who was told their services were no longer needed and who conducted the dismissal.

Mr. Livingston responded that the Defendants have had several months to determine whether there is information in the files and argued that the Defendants have still not responded to Interrogatory No. 3 appropriately.  He contends that listing several persons responsible for dismissal does not answer the question of who told the terminated employee that his or her services would no longer be needed.

The Court does not believe that the request is vague, ambiguous, or overbroad, and therefore overrules those objections.  The Court notes that it appears from the attachments to the Plaintiffs' motion to compel that the Defendants provided a chart listing those persons told that their services were no longer needed, the date of termination, and by whom.  See Doc. 23-3.  The Court, however, orders that the Defendants must provide a supplementation to Interrogatory No. 3, which takes the information from the chart and puts it into a responsive answer, stated under oath, and signed by a representative of the Defendants.  The supplemental answer must also give the date that the identified employees were told the phrase "your services are no longer needed," and identify the person that said it to the particular terminated employee.  If the statement was made by more than one person, the Defendants may identify all such individuals.  If the Defendants do not know the date or the person who told the terminated employee that his or her services were no longer needed, the Defendants must state that fact, under oath, in the supplemental answer.

### C.    INTERROGATORIES NO. 5 AND NO. 11.

Interrogatory No. 5 seeks information regarding 311-CCC employees terminated because of a disciplinary infraction.  The interrogatory requests a statement of the infraction and a description of the process, if any, the employee was afforded before termination.  The Defendants' original answer objected to Interrogatory No. 5 on the grounds that it was not reasonably calculated to lead to the discovery of admissible evidence as to unclassified at-will employees who have no

right to any process or hearing.  In the Defendants' supplemental response, they stated: "The City with investigate the Center personnel files of involuntarily terminated employees relative to information concerning performance issues and following that investigation further supplement this answer as appropriate."  Supplemental Answers at 5.  The Plaintiffs' reply indicated that no further supplement has been provided.  <u>See</u> Reply at 3.

Interrogatory No. 11 requests that the Defendants identify the person or persons who made the decision to terminate the City of Albuquerque 311-CCC employees, and requests the reasons each of the Plaintiffs were terminated, including the identification of policies, procedures, allegations, and other factors supporting termination.  The Defendants' original answer objected to Interrogatory No. 11 as not reasonably calculated to lead to discovery of admissible evidence because the Plaintiffs were at-will unclassified employees.  In the Defendants' supplemental answer, they responded: "See Supplemental Answer to Interrogatory No. 5."  At the hearing, Mr. Bergmann stated that the Defendants are looking into the request and conceded that some employees were terminated for disciplinary reasons.  Mr. Livingston argues that  months have passed and that the Defendants' lack of response has become untimely.

The Court believes that Interrogatories Nos. 5 and 11 seek relevant information that may lead to admissible evidence, and therefore overrules the Defendants' initial objections.  The Court orders that the Defendants produce supplemental answers to Interrogatory No. 5 and Interrogatory No. 11 within ten days of this Order.  At that time, the Defendants must provide the information that they have about  the employees who were terminated because of a disciplinary violation, and identify those employees to the Plaintiffs.  The Defendants must also identify who terminated the employees and the reasoning for doing so, as well as any policies, procedures, allegations, or other factors supporting the termination decisions.  The Defendants may continue to supplement their response

as they continue to investigate.

### D.    INTERROGATORY NO. 6.

Interrogatory No. 6 requests identification of all temporary, seasonal, part-time, or contract employees of 311-CCC since its inception, including the dates of employment, position, job title, and last rate of pay.   The Defendants' original answer objected to Interrogatory No. 6 as not reasonably calculated to lead to discovery of admissible evidence because the case does not involve employees who were not employed in a regular capacity.  In the Defendants' supplemental response, they stated: "Occasionally temporary employees are used to supplement existing staff as needed. The only contract employees would be agency employees secured through a contract with the agency.  There are no part-time employees working less than twenty hours a week."  Supplemental Answer at 6.   In their reply, the Plaintiffs argued that Interrogatory No. 6 is relevant because temporary employees may have replaced terminated permanent employees, even though the permanent employees were informed that their services were no longer needed.  See Reply at 4.  At the hearing, Mr. Bergmann stated that, through deposition testimony, the Plaintiffs learned that "your services are no longer needed" means that a particular employee's services were no longer needed, and not that the employee was being laid off.  He also stated that the Defendants could list the employees for whom the City of Albuquerque contracts through an employment agency but that the Defendants have no knowledge what the agency pays those employees.

The Court believes: (i) that the interpretation of "your services are no longer needed" is still in play, regardless of what interpretation a deponent may have provided; (ii) that the information sought in Interrogatory No. 6 is relevant to the issue whether the City of Albuquerque replaced terminated employees with temporary or contract employees; and (iii) that arrangement is relevant to the issues.  The Court, therefore, overrules the Defendants' objection.  The Court orders the

Defendants to provide a supplemental answer, under oath, identifying any temporary, seasonal, part-time, or contract employees since 311-CCC's inception by giving those employees' names, job titles, and dates of employment with the City. The Court also orders that, if the identified employee is a City employee, the Defendants shall disclose that employee's rate of pay. The Court further orders that, if the identified employee is a contract employee, the Defendants shall disclose the information that the City paid to an employment agency. If the Plaintiffs wish to seek more information regarding the rate the employment agency paid the contract employees, they may serve third-party subpoenas or submit an interrogatory to the City requesting any information it has regarding that information.

### E.    INTERROGATORY NO. 7 AND NO. 9.

Interrogatory No. 7 seeks any and all discussions or considerations concerning why 311-CCC employees are considered unclassified, including participants in the discussions, the dates of discussions, and the forums or means of communication. The Defendants originally objected to the interrogatory as vague, ambiguous, overbroad, and unduly burdensome -- objections which the Court overrules. Interrogatory No. 9 seeks similar information -- any and all documents and communications, including electronic mail messages, concerning classified and unclassified employee status at 311-CCC since March 2004. In addition to objecting to Interrogatory No. 9 as vague, ambiguous, overbroad, and unduly burdensome -- objections which the Court overrules -- the Defendants also cited the City of Albuquerque's Merit System Ordinance. In their supplemental response to Interrogatory No. 7, the Defendants responded: "The City is investigating the existence of written documents relative to the reasons for Center employees being unclassified and will supplement this answer, as appropriate, if responsive documents are found." Supplemental Answers at 6. For Interrogatory No. 9, the Defendants answered: "See Supplemental Answer to

Interrogatory No. 7." Supplemental Answers at 6. In their reply, the Plaintiffs stated that no substantive supplementation has yet been provided. See Reply at 4.

At the hearing, Mr. Livingston challenged the Defendants' approach to these Interrogatories: they look for documents, and if they do not find any responsive, they do not answer the interrogatory. Mr. Livingston argues that the Defendants still have to provide an answer, even if the answer is that no such discussions or communications took place. Mr. Bergmann represented that the Defendants have not yet found any written evidence of what discussions were held regarding 311-CCC employee classification. He also represented that the people who would have been involved no longer work for the City of Albuquerque, and because of the turnover in employees, he would be relying on guessing who was involved in the relevant discussions over five years ago. He argues that interrogatories are an inappropriate discovery vehicle for this information and that depositions would be more appropriate.

The Court believes that Interrogatories Nos. 7 and 9 seek information which is relevant and which is appropriate for Interrogatories. The Plaintiffs have a right to choose which discovery vehicle they wish to use, and they have interrogatories available to them. Under rule 33 of the Federal Rules of Civil Procedure, interrogatories may be used in conjunction with other methods of discovery. The methods of discovery are complementary, rather than alternative or exclusive, may be used singly or in conjunction with each other, and may be used in any sequence. See Res. Assocs. Grant Writing & Eval. Servs., LLC v. Maberry, No. CIV 08-0552, 2008 U.S. Dist. LEXIS 108662, at *3 (D.N.M. Dec. 8, 2008)("The Federal Rules of Civil Procedure do not set a priority for discovery . . . and while it often makes good sense to have a witness' documents before he or she is deposed, there is nothing in the rules that requires a document production before the deposition begins."); Fed. R. Civ. P. 26(d)("Unless, on motion, the court orders otherwise for the parties' and

witness' conveniences and in the interests of justice: (A) methods of discovery may be used in any sequence; and (B) discovery by one party does not require any other party to delay its discovery."); 7 C. Wilkenupdates & R. Bloom, <u>Moore's Federal Practice-Civil</u> § 33.04, at 15-16 (3d ed. 2010). The Court orders that the Defendants must provide the Plaintiffs with an answer to these interrogatories within ten days.  The Defendants must make a reasonable effort to answer these interrogatories, including talking to employees and looking at documents, and must provide any and all information it has about the Defendants' knowledge of the discussions and considerations at issue.  The Defendants' answer must disclose those involved in the discussions, the dates of the discussions, the method of communication, and must also describe the discussions.  The Court will interpret Interrogatory No. 9 as not requesting every document that just talks about classified or unclassified employees.  The Court requires, however, that the City must produce those documents, electronic-mail messages, and any other nature of communication that are in document form, which discuss why someone is considered a classified or unclassified employee, how they became a classified or unclassified employee, and the reasons that they are classified or unclassified.  The Defendants must produce documents and identify the Bates-stamps on the documents that are responsive in the answer. The Defendants may wish to approach the Plaintiffs about depositions, but the Court will not order depositions at this time.

> **G.     INTERROGATORY NO. 12.**

Interrogatory No. 12 seeks identification of all 311-CCC employees or former-employees who were suspended, demoted, transferred, or terminated for the same or similar reasons as those given for the Plaintiffs' terminations.  The interrogatory requests the name, address, telephone number, dates, and category of employment action for each employee or former-employee.  In response, the Defendants stated: "See Answers to Interrogatories No. 1, No. 5, and No. 10."  The

Defendants did not supply a supplemental response. The Plaintiffs' motion to compel argues that the Court should require the Defendants to answer the question more fully and completely. At the hearing, Mr. Livingston stated that the Defendants had informed him that the City of Albuquerque had not suspended, demoted, or transferred any employees. Mr. Bergmann stated, to the contrary, that the Defendants had already provided a list of terminated employees in an answer to another interrogatory.

Responses to interrogatories must be self-contained within each interrogatory answer and the Court finds that the Plaintiffs are entitled to a response specific to Interrogatory No. 12. The Court, therefore, orders that the Defendants must provide a supplemental answer to the Plaintiffs which states the name, address, telephone number, and dates and types of employment action of any employees or former-employees within the scope of Interrogatory No. 12. The Defendants must submit this information as an answer, and not as a list or a chart attached separately. The Defendants must not merely refer to the answer or supplemental answer to another interrogatory.

H.    INTERROGATORY NO. 13.

Interrogatory No. 13 requests the Defendants to state the problems and policies the 311-CCC management encountered and applied with respect to leaves of absence and employee discipline, and to identify participants in any discussions, reports, or communications along with the dates on which they occurred. The Defendants originally objected that these interrogatories are not reasonably calculated to lead to the discovery of admissible evidence. The Defendants' supplemental response states: "Defendants will supplement their Answer after Plaintiffs serve a revised Interrogatory, as agreed by Counsel." Supplemental Answers at 7. In their reply, the Plaintiffs represented that the Defendants have not supplemented their answer. At the hearing, Mr. Bergmann expressed concerns about confidential medical information having to be disclosed.

Mr. Livingston responded that the request does not seek medical information.

The Court believes that Interrogatory No. 13 requests evidence which may be relevant to the case and overrules the Defendants' objection. The Court orders that the Defendants must provide a supplemental response to Interrogatory No. 13. As far as medical information may be implicated, the Court believes that the Defendants can draft their answer in such a way that it is both responsive and avoids implicating confidential medical issues. If it becomes necessary to discuss confidential medical issues to be completely accurate and responsive to the interrogatory, that information can go under the Confidentiality Order which the Court has ordered the parties to put into place.

## I.    INTERROGATORIES NOS. 14, 15, AND 16.

Interrogatory No. 14 asks the Defendants to discuss and describe in as much detail as possible the reasons for making and keeping 311-CCC operators and supervisors unclassified and the benefits and costs of having those employees work in unclassified status. Interrogatory No. 15 seeks the same information regarding classified employees. Interrogatory No. 16 asks for any reasons, requirements, or justifications preventing or precluding consideration of 311-CCC employees as classified employees. The Defendants originally responded that these interrogatories were overbroad, unduly burdensome, vague, and ambiguous. The Court overrules these objections, as the Court believes the information sought is reasonably and clearly requested, and is not unduly burdensome on the Defendants. In response to Interrogatory No. 14, the Defendants also responded: "Subject to and without waiving these objections, the Defendants state that unclassified status permits greater flexibility as to employees' terms and conditions of employment to better serve the citizens of Albuquerque." In response to Interrogatories Nos. 15 and 16, the Defendants stated: "See Answer to Interrogatory No. 14." In the Defendants' supplement answer to Interrogatory No. 14, the Defendants stated: "Defendants will supplement their Answer after Plaintiffs serve a revised

-16-

Interrogatory, as agreed by Counsel."  The Plaintiffs did not revise the interrogatory, and the Defendants did not provide supplementation.   In the Defendants' supplemental answer to Interrogatory No. 15, the Defendants stated: "Defendants are unaware of any formal study of the costs and benefits of having Center employees as classified."  They did not provide a supplemental answer to Interrogatory No. 16.  At the hearing, Mr. Bergmann argued that he is not sure what more Mr. Livingston wants other than the supplemental response that he has been given.

On Interrogatory No. 14, if the supplemental answer that "unclassified status permits greater flexibility as to employees' terms and conditions of employment to better serve the citizens of Albuquerque" is the sole reason for unclassified status, then the Defendants will be held solely to that explanation.  If the Defendants do not wish to supplement this answer further, the Court will not compel them to change their answer; however, the Defendants will be bound by their answer and will not be permitted to expand or expound upon this explanation later at trial.  The Defendants will be permitted only to give "flexibility" as its justification for classifying an employee as unclassified. If they do not supplement their interrogatory response, the Court will not permit the Defendant to explain flexibility to the jury or to go into any further depth.  If the Defendants wish to elaborate on what it means by flexibility and what it means to the community, they need to put it in their supplemental response to the Plaintiffs.  On Interrogatories No. 15 and No. 16, the Court orders the Defendants to state an independent answer to each interrogatory and not rely on a referral back to the supplemental answer to Interrogatory 14 to satisfy its obligation to respond.

## IV.   THE COURT WILL DENY THE MOTION TO COMPEL A SUPPLEMENTAL ANSWER TO INTERROGATORY NO. 4.

Interrogatory No. 4 asks the Defendants to identify every 311-CCC employee since March 2004 who was designated exempt from the provisions of the Fair Labor Standards Act,

-17-

29 U.S.C. § 201 through §219 ("FLSA"), and for those identified employees, to also give the position the employee held, the basis of the exemption, the date of hire, and the last date of employment with the City of Albuquerque.   The Defendants' original answer objected that Interrogatory No. 4 is overbroad and unduly burdensome, and seeks information not reasonably calculated to lead to discovery of admissible evidence.   The Defendants also stated that they attached a list of supervisors exempt under § 13(a)(1) of the FSLA and their dates of employment.   The Plaintiffs' motion to compel argues that the Defendants failed to provide the reasons for the claimed exemptions in the attached list.   In the Defendants' supplemental answer, they state that the exemption applicable is the executive and/or administrative exemption.

        In the hearing, Mr. Livingston expressed that Interrogatory No. 4 seeks the reasons why the employees that the Defendants identify qualify for the exemption the Defendants are asserting, and not merely a statement of the exemption category.   Mr. Bergmann stated that the Defendants could provide more explanation of the exemptions, but contended that the interrogatory seeks a legal conclusion, legal analysis, and argument.   Mr. Livingston responded that the Plaintiffs are not seeking the legal explanation, but rather the facts that underlie the conclusion that certain employees are considered to be under the executive and/or administrative exemptions.

        The Court believes that the Plaintiffs are now seeking information which goes beyond the information requested in Interrogatory No. 4.   The Defendants identified exempt individuals, positions, and dates of employment.   The Defendants also supplemented their response with the categorical basis of the exemptions.   The Court finds that the information provided is responsive to the request and therefore denies the Plaintiffs' motion to compel an additional response to Interrogatory No. 4.   If the Plaintiffs wish to ask an additional interrogatory specifically seeking the factual basis for the categorical designations, the Plaintiffs are free to do so, and if the Defendants

do not produce a responsive answer, the Plaintiffs may move to compel without this denial prejudicing that effort.

**V.      THE OBJECTIONS TO THE PLAINTIFFS' REQUESTS FOR PRODUCTION ARE OVERRULED, AND THE DEFENDANTS MUST ENSURE THAT THEIR RESPONSES ARE COMPLETE.**

The Plaintiffs served the Defendants with five requests for production.  In the Defendants' original responses, they incorporated by reference the general objections they had asserted in their original answers to the interrogatories.  The Defendants withdrew these general objections in their supplemental response.  To the extent that the Defendants also asserted individual objections to the five requests for production, the Court overrules those objections. The Court also compels the Defendants to review their responses to the requests for production and ensure that they have produced all documents that fall within the scope of the requests.  If there are more responsive documents, the Defendants are compelled to make a supplemental production to the Plaintiffs.

**VI.     THE PLAINTIFFS' MOTION TO COMPEL WAS NOT PREMATURE, AND THE COURT WILL AWARD SOME FEES TO THE PLAINTIFFS.**

The Plaintiffs have also requested that the Court impose sanctions on the Defendants in the amount of the Plaintiffs' attorney's time, effort, and fees expended in presenting and prosecuting the motion to compel.  The Defendants argue that sanctions are not appropriate because the motion was premature and because the Plaintiffs failed to complete the process of conferring with the Defendants' counsel in good faith before bringing the motion.

The Defendants contend that the Plaintiffs' motion to compel was premature because the parties had agreed that the Defendants would provide supplemental responses.  See Response at 2. The Defendants also conceded, however, that they told the Plaintiffs during the November 19, 2009 telephone conference that they would not, at that time, withdraw their general objections to the

interrogatories and requests for production.  <u>See</u> Response at 2.  Two weeks passed without a response produced by the Defendants.  Given the Defendants' indication to the Plaintiffs that they would not withdraw their objections, and the amount of time that passed without supplementation, the Court finds that the Plaintiffs' motion to compel was not premature.

Moreover, upon review of the Defendants' supplemental answers, the Court finds that many of the supplemental answers were not responsive answers, but rather stated that the Defendants "will supplement this answer, as appropriate, if responsive documents are found."  <u>See</u>, <u>e.g.</u>, Supplemental Answers to Interrogatories Nos. 5, 7, 9, and 11.  The original responses were objections.  Thus, at the time of the hearing, the Defendants had still not provided answers to the Plaintiffs.

The imposition of sanctions under rule 37 of the Federal Rules of Civil Procedure is within the Court's sound discretion.  <u>See</u> <u>Gripe v. City of Enid</u>, 312 F.3d 1184, 1188 (10th Cir. 2002).  Rule 37(a) provides that the court may require the party "whose conduct necessitated the motion" to pay the moving party's reasonable expenses and fees.  These fees may be awarded even if the non-moving party disclosed the requested discovery after the motion to compel was filed.  <u>See</u> Fed. R. Civ. P. 37(a)(5)(A).  Rule 37(a)(5)(C) provides that if the motion to compel is granted in part and denied in part, the Court may "apportion the reasonable expenses for the motion."  Fed. R. Civ. P. 37(a)(5)(C).

Although the Defendants' counsel argues that a good-faith effort was made on its supplemental responses and in its efforts to work with the Plaintiffs' counsel, the Court believes that, given that the Defendants represented during the parties' telephone discussions that they would not withdraw their general objections, the Plaintiffs made the appropriate and necessary decision to file a motion to compel.  Further, the supplemental answers were largely unresponsive, which is reflected in the Court's granting of the motion to compel on all the contested interrogatories and

requests for production except for one.  Because the Defendants continued to draw out the discovery process with promises to answer if documents were found, the Court believes that a shift of the Plaintiffs' attorney's fees to the Defendants is appropriate.  Because to a limited extent, however, the Court believes the Defendants were cooperative and responsive, and because the Plaintiffs did not prevail on all aspects of the motion to compel, the Court will not shift all the Plaintiffs' attorney's fees to the Defendants.  The Court, therefore, orders the Defendants to pay to the Plaintiffs ninety-five percent of the attorney's fees that the Plaintiffs incurred in drafting the motion to compel and reply brief, and ninety-five percent of the fees incurred in arguing the motion before the Court.

**IT IS ORDERED** that the Plaintiffs' Motion and Memorandum to Compel Discovery and for Sanctions is granted in part and denied in part.  The Court grants the motion to compel as to Interrogatories Nos. 1, 2, 3, 5, 6, 7, 9, 11, 12, 13, 14, 15, and 16, and as to Requests for Production Nos. 1-5.  The Court denies the motion to compel as to Interrogatory No. 4.  The Court also awards the Plaintiff ninety-five percent of the attorney's fees incurred in preparing and prosecuting the motion to compel.  The motion is otherwise denied.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Paul Livingston
Placitas, New Mexico

    *Attorney for the Plaintiffs*

-21-

Robert M. White
   City Attorney
Michael I. Garcia
   City of Albuquerque Legal Department
City of Albuquerque
Albuquerque, New Mexico

-- and --

Edward W. Bergmann
Seyfarth Shaw, LLP
Chicago, Illinois

     *Attorneys for the Defendants*