# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

ANTOINETTE GONZALES, CAROLL AUSTIN,
SARAH CLOVER, ANNETTE MORA, JAMES
PESCETTI, YOLANDA GARCIA, NICOLE
FOSTER, NICOLE BORDLEMAY, KARI WAITES,
ALFRED OTERO, and ROBERTA GUTIERREZ,

        Plaintiffs,

-- and --

J. MICHAEL BARNES, CELIA LOVELAND,
CAROL McCOY, and DONNA SAYA,

        Proposed Intervenors,

vs.                                      No. CIV 09-0520 JB/RLP

THE CITY OF ALBUQUERQUE, ED ADAMS,
Chief Administrative Office, and ESTHER
TENENBAUM, Division Manager, in their individual
and official capacities,

        Defendants.

## <u>MEMORANDUM OPINION AND ORDER</u>

**THIS MATTER** comes before the Court on the Motion to Intervene, filed September 22,

2010 (Doc. 74).  The Court held a hearing on January 10, 2010.  The primary issue is whether the

Court should allow J. Michael Barnes, Celia Loveland, Carol McCoy and Donna Saya (collectively

"Intervenors") to intervene in this lawsuit.  The Court will deny the Intervenors' motion.  The

Intervenors' motion is not timely, because discovery has already concluded in this case and litigation

is in its final stages, because what remains is for the parties to go to trial.  Even if the Intervenors'

motion was timely, the Court would not allow the Intervenors to intervene in this litigation as a

matter of right pursuant to rule 24(a), because the Court is not convinced that disposal of the action

before it will, as a practical matter, impair or impede the Intervenors' abilities to protect their interests. Moreover, even if the Intervenors' motion was timely, the Court would not allow the Intervenors to intervene under rule 24(b), because the Court believes there would be substantial prejudice to the rights of the original parties if the Court granted the motion, as adding new Plaintiffs would delay the case and likely result in the reopening of discovery.

## FACTUAL BACKGROUND

Plaintiffs Antoinette Gonzales, Caroll Austin, Sarah Clover, Annette Mora, James Pescetti, Yolanda Garcia, Nicole Foster, Nicole Bordlemay, Kari Waites, Alfred Otero, and Roberta Gutierrez[1] are former employees of the City of Albuquerque's 311 Citizen Contact Center ("311 CCC").[2] See Defendants' Memorandum of Law in Opposition to Motion to Intervene at 1, filed October 5, 2010 (Doc. 77)("Opposition"); Complaint of Violations of Statutory and Constitutional Law ¶ 1, at 1, filed May 27, 2009 (Doc. 1-1)("Complaint"). Gonzales was a salaried supervisor at the end of her tenure with the 311 CCC, and the other Plaintiffs were hourly employees. See Opposition at 1; Complaint ¶¶ 1, 13, at 1, 4. Barnes, Loveland, and McCoy are currently supervisors at the 311 CCC. See Memorandum in Support of Motion to Intervene at 2, filed September 22, 2010 (Doc. 75)("Memorandum"); Opposition at 2. Saya is a former supervisor for

---

[1] Otero and Gutierrez were joined as Plaintiffs on September 20, 2010, see Notice of Joinder, filed September 20, 2010 (Doc. 72), pursuant to the Court's August 21, 2010 Memorandum Opinion and Order, which granted the Plaintiffs thirty days to file an Amended Complaint or Notice of Joinder adding additional terminated employees as Plaintiffs, see Memorandum Opinion and Order at 34, filed August 21, 2010 (Doc. 69)("Aug. 21, 2010 MOO").

[2] The 311 CCC handles calls from citizens of the City of Albuquerque who call 311. See Gonzales v. City of Albuquerque, No. CIV 09-0520, 2010 WL 4053947, at *1 (D.N.M. Aug. 21, 2010)(Browning, J.)(citation omitted). The 311 service is a single telephone number for all non-emergency City of Albuquerque inquiries and services. See 2010 WL 4053947, at *1 (citation omitted).

the 311 CCC.  <u>See</u> Intervenors' Reply to City's Response to Motion to Intervene at 4, filed October

25, 2010 (Doc. 81)("Reply").[3]

## PROCEDURAL BACKGROUND

On April 8, 2009, Gonzales, Austin, Clover, and Mora, on behalf of themselves and a class

of similarly situated city employees, filed a Complaint of Violations of Statutory and Constitutional

Law in the Second Judicial District Court, Bernalillo County, New Mexico.  <u>See</u> Doc. 1-1

("Complaint").  On May 27, 2010, the Defendants removed the case to federal court.  <u>See</u> Notice

of Removal, filed May 27, 2010 (Doc. 1).  On October 8, 2009, the Court granted the Plaintiffs'

unopposed motion to join Pescetti as a plaintiff.  <u>See</u> Order, filed October 8, 2010 (Doc. 20).  On

February 18, 2010, the Court granted the Plaintiffs' unopposed motion to join Garcia, Foster,

Bordlemay, and Waites as Plaintiffs.  <u>See</u> Order, filed February 18, 2010 (Doc. 40).

The Plaintiffs have brought claims alleging that the City of Albuquerque breached the

Plaintiffs' employment contracts, denied them due process and equal protection, wrongfully

terminated the Plaintiffs' employment, violated some of their rights under the Family and Medical

Leave Act, 29 U.S.C. §§ 2601 through 2654 ("FMLA"), and Gonzales' rights under the Fair Labor

Standards Act, 29 U.S.C. §§ 201 through 219 ("FLSA").  Complaint ¶¶ 27-42, at 8-10.  The

Plaintiffs also seek declaratory judgment in Count VII, stating that "[i]ncluded in the issues . . . ripe

for a declaratory judgment are the issues of property interests in employment, entitlement to union

representation, entitlement to hearings, [and] de facto status as classified employees."  Complaint

¶ 58, at 13.  According to the Complaint, the class that the Plaintiffs seek to represent consists of "all

---

[3] At the time the proposed intervenors filed their motion to intervene, the City of Albuquerque employed Saya at the 311 CCC.  <u>See</u> Motion to Intervene at 1.  At the time the proposed intervenors filed their reply, however, the City of Albuquerque had terminated Saya. <u>See</u> Reply at 4.  Saya is thus a former supervisor for the 311 CCC.

persons who were treated (or are now being treated) as 'unclassified' employees of the City of Albuquerque without good reason or justification, and who have suffered damages and are entitled to injunctive, declaratory, or equitable relief as a result of that treatment."  Complaint ¶ 50, at 11-12.

On May 12, 2010, the Plaintiffs moved the Court for class action certification. See Plaintiffs' Motion for Class Action Certification, filed May 12, 2010 (Doc. 49).  At the July 28, 2010 hearing on the Plaintiffs' class-action-certification motion, the Court indicated it would deny the motion, but would allow the Plaintiffs the opportunity to join additional Plaintiffs.  As a result, the Court vacated remaining pre-trial and trial deadlines.  At the time of the hearing the discovery had already closed, as the case management deadlines set the close of discovery at May 5, 2010. See Order Extending Pre-Trial Deadlines at 1, filed April 8, 2010 (Doc. 46)("Order").  The deadline for discovery motions was May 19, 2010.  See Order at 1.  The deadline for dispositive motions was June 10, 2010.  See Order at 1.  The pre-trial conference was scheduled on August 31, 2010. See Order at 1.  The trial date was scheduled to commence September 13, 2010.  See Order at 2. The Court stated that it would vacate the trial date, the pre-trial conference date, the deadline for filing discovery motions, and the deadline for filing pre-trial motions, and allowed the parties fifteen days after the proposed thirty days for the Plaintiffs to join additional Plaintiffs to submit a new scheduling order.  See Transcript of Hearing at 46:13-18 (Court)("Tr.")("Why don't I vacate the trial date and -- I'll vacate the pretrial conference date.  Let me also vacate the deadline for filing discovery [m]otions.  It sounds like I probably should vac[ate] the deadline for filing any pretrial motions.");[4] id. at 46:20-21 (Court)("I'll vacate all remaining deadlines."); id. at 49:11-15 (Court)("I'll give . . . the parties 15 additional days to submit me a scheduling order.").

---

[4] The Court's citations to the transcript refer to the court reporter's original, unedited version. The final transcript may contain slightly different page and/or line numbers.

The Court denied the Plaintiffs' motion for class certification, finding that the "terminated [311 CCC] employees have a conflict of interest with current [311 CCC] employees, and [that] the number of [311 CCC] employees terminated is too few for a class action," but granted the Plaintiffs thirty days leave to amend the Complaint and join additional Plaintiffs. Memorandum Opinion and Order at 1, filed August 21, 2010 (Doc. 69)("Aug. 21, 2010 MOO").

On June 21, 2010, the Defendants moved, pursuant to rule 56 of the Federal Rules of Civil Procedure and D.N.M. LR 56.1, for summary judgment on all of the Plaintiffs' claims. See Defendants' Motion for Summary Judgment, filed June 21, 2010 (Doc. 56). A few months later, the Plaintiffs filed a Notice of Joinder of Otero and Gutierrez on September 20, 2010, stating that Otero's and Gutierrez' claims were very similar or identical to those of the other Plaintiffs in the case. See Notice of Joinder at 2, filed September 20, 2010 (Doc. 72).

On February 23, 2011, the Court issued a Memorandum Opinion and Order, granting in part and denying in part the Defendants' motion for summary judgment. See Memorandum Opinion and Order, filed February 23, 2011 (Doc. 85)("Feb. 23, 2011 MOO"). The Court granted summary judgment in favor of the Defendants and against Gonzales, Austin, Clover, Mora, Pescetti, Garcia, Foster, Bordlemay, and Waites[5] on all of their claims, except for Gonzales' claim under the Fair Labor Standards Act, 29 U.S.C. §§ 201 through 219. See Feb. 23, 2011 MOO at 1-2.

On September 22, 2010, the Intervenors moved to intervene as a matter of right pursuant to rule 24(a) of the Federal Rules of Civil Procedure, and, in the alternative, for permissive intervention pursuant to rule 24(b) of the Federal Rules of Civil Procedure. See Motion to Intervene, filed

_____

[5] Because Otero and Gutierrez became Plaintiffs after the Defendants moved for summary judgment, the Defendants did not move for summary judgment on their claims, and the Court's Memorandum Opinion and Order does not address Otero's and Gutierrez' claims. Otero's and Gutierrez' claims therefore remain at issue in the lawsuit.

September 22, 2010 (Doc. 74).  The Intervenors attached their Complaint in Intervention to their motion.  See Doc. 74-1.  The same day, the Intervenors filed a memorandum in support of their motion.  See Memorandum in Support of Motion to Intervene, filed September 22, 2010 (Doc. 75)("Memorandum").  The Intervenors argue that the Court should allow their intervention as a matter of right, because, despite their status as current employees, they share the Plaintiffs' claims to a property interest in their employment, and because the "issue in th[e] case that directly impacts [them] is their misclassification as 'exempt' from the provisions of the [FLSA]."  Memorandum at 3-4.  They argue that, alternatively, the Court should allow intervention under rule 24(b), because they have a claim that shares with the main action a common question of law or fact, as they "have a specific statutory claim under the FLSA that is the same as the claim already asserted by. . . [and] share with the Plaintiffs an interest in being properly considered 'classified' employees."  Memorandum at 4.  They assert that intervention will not unduly delay or prejudice the adjudication of the original parties' rights, because the Court has temporarily set aside the previous trial deadlines, and a new schedule is not yet set, and contend that they will have to file a separate lawsuit if the Court does not allow intervention, which would entail additional and unnecessary delay and expense of time, effort, and judicial resources.  See Memorandum at 4-5.

On October 5, 2010, the Defendants filed the Defendants' Memorandum of Law in Opposition to Motion to Intervene.  See Doc. 77.  The Defendants argue that the Intervenors cannot satisfy rule 24(a)'s requirements, because there "is no indication . . . that the Interven[ors'] ability to protect their interests would be impaired or impeded if this litigation is resolved without their involvement."  Opposition at 3-4.  The Defendants further contend that the Intervenors cannot satisfy rule 24(b)'s requirements, because the Intervenors' motion is not timely, because intervention would prejudice the Defendants and cause delay, and because the Intervenors' interests would not

be impaired if they do not join the litigation, as they may bring their own lawsuits.  <u>See</u> Opposition at 5-6.[6]

The Intervenors filed their Reply to City's Response to Motion to Intervene on October 24, 2010.  <u>See</u> Doc. 81.  They allege that they have common interests "based on their understandings and expectation of continued employment and their FLSA claims."  Reply at 8.  They also assert that their motion is timely, and that intervention will cause no, or relatively little, additional expense or delay.  <u>See</u> Reply at 10.

<u>**RELEVANT LAW REGARDING INTERVENTION**</u>

Rule 24 of the Federal Rules of Civil Procedure provides for intervention of right or permissive intervention on timely motion:

> **(a) Intervention of Right.** On timely motion, the court must permit anyone to intervene who:

---

[6] The Defendants also argue that, given that the Court in its Aug. 21, 2010 MOO found a "conflict between current and former employees, and given that it granted Plaintiffs leave to amend their complaint to join additional *former* employees as plaintiffs, th[e] [Motion to Intervene] is not only legally and procedurally inappropriate, but it is in contravention of the Court's order." Opposition at 3.  In its Aug. 21, 2010 MOO, the Court found that the Plaintiffs did not meet the requirements of rule 23 of the Federal Rules of Civil Procedure, in part because the conflict of interest between the former 311 CCC employees and current 311 CCC employees defeated the typicality and adequacy requirements.  <u>See</u> Aug. 21, 2010 MOO at 24.  The Court does not believe that the Intervenors' motion contravenes its order.  At the hearing, the Defendants stated that they believed there was a problem with the Plaintiffs' counsel representing terminated employees and current employees on the issue of due process.  Although the Court did not certify a class under rule 23 because the conflict between current and former employees defeated the adequacy and typicality requirements, the Plaintiffs' counsel has represented that he has since obtained waivers from his clients, in which his clients consented to his representation of both former and current employees.  <u>See</u> Reply at 6 (asserting that the Intervenors' agreed to the Plaintiffs' counsel's representation, that there was no unethical conduct, no conflict of interest, and no misconduct "involved in the Intervenors [sic] agreement to be represented by Plaintiffs' counsel and counsel's agreement to represent the Intervenors").  Because the Plaintiffs' counsel obtained waivers, and because the Court does not believe that its role is generally to police possible conflicts of interest in non-class, civil actions, the Court does not believe that the Intervenors' motion contravenes its Aug. 21, 2010 MOO.

**(1)** is given an unconditional right to intervene by a federal statute; or

**(2)** claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

**(b) Permissive Intervention.**

**(1)** *In General*. On timely motion, the court may permit anyone to intervene who:

**(A)** is given a conditional right to intervene by a federal statute; or

**(B)** has a claim or defense that shares with the main action a common question of law or fact.

**(2)** *By a Government Officer or Agency*. On timely motion, the court may permit a federal or state governmental officer or agency to intervene if a party's claim or defense is based on:

**(A)** a statute or executive order administered by the officer or agency; or

**(B)** any regulation, order, requirement, or agreement issued or made under the statute or executive order.

**(3)** *Delay or Prejudice*. In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights.

Fed. R. Civ. P. 24(a) and (b)(bold and italics in original).  The movant bears the burden of establishing his or her right to intervene.  See United States v. Tex. E. Transmission Corp., 923 F.2d 410, 414 (5th Cir. 1991).

**1.     Timeliness.**

"The timeliness of a motion to intervene is assessed in light of all the circumstances, including the length of time since the applicant knew of his interest in the case, prejudice to the existing parties, prejudice to the applicant, and the existence of any unusual circumstances."  Utah

-8-

Ass'n of Counties v. Clinton, 255 F.3d 1246, 1250 (10th Cir. 2007)(internal quotation marks and citation omitted).  See Am. Ass'n of People with Disabilities v. Herrera, 257 F.R.D. 236, 245 (D.N.M. 2008)(Browning, J.)("[T]he Tenth Circuit has held that '[t]he timeliness of a motion to intervene is assessed in light of all the circumstances, including the length of time since the applicant knew of his interest in the case, prejudice to the existing parties, prejudice to the applicant, and the existence of any unusual circumstances.'" (citation omitted)).  The Tenth Circuit has stated that the "analysis is contextual" and that "absolute measures of timeliness" should not be used.  Utah Ass'n of Counties v. Clinton, 255 F.3d at 1250.  Intervention is properly denied where, for example, a case is near its end stage, and allowing a party to intervene would cause undue prejudice and delay in the proceeding; on the other hand, intervention is proper where, despite the passage of time, there has been limited activity in the case and the intervention will not prejudice the existing parties.  See Am. Ass'n of People with Disabilities v. Herrera, 257 F.R.D. at 245 (citations omitted).

      **2.**      **Intervention of Right.**

      In the absence of an unconditional, federal statutory right to intervene, a movant must satisfy the following three criteria to qualify for intervention of right: (i) the movant must have an interest in the subject matter of the litigation; (ii) the movant's interest will be impaired or impeded if movant is not allowed to intervene; and (iii) the existing parties to the litigation will not adequately represent the movant's interest.  See Fed. R. Civ. P. 24(a)(2).  The Tenth Circuit follows "a somewhat liberal line in allowing intervention."  WildEarth Guardians v. Nat'l Park Serv., 604 F.3d 1192, 1198 (10th Cir. 2010)(citation omitted).

      "The *interest* element is 'a practical guide to disposing of lawsuits by involving as many apparently concerned persons as is compatible with efficiency and due process.'"  WildEarth Guardians v. Nat'l Park Serv., 604 F.3d at 1198 (emphasis in original)(citation omitted).  An interest

that is direct, substantial, and legally protectable will likely justify intervention.  See San Juan County, Utah v. United States, 503 F.3d 1163, 1194 (10th Cir. 2007)("This is not to say that it is error for a court addressing an application for intervention to consider whether the prospective intervenor's interest is direct, substantial, and legally protectable.  As we previously stated, an interest that clearly satisfies all these conditions would likely justify intervention." (citation omitted)).  "The movant's claimed interest is measured in terms of its relationship to the property or transaction that is the subject of the action, not in terms of the particular issue before the district court." WildEarth Guardians v. Nat'l Park Serv., 604 F.3d at 1198 (citing Utah Ass'n of Counties v. Clinton, 255 F.3d 1246, 1252 (10th Cir. 2001)).

The element of impairment presents "a minimal burden." WildEarth Guardians v. Nat'l Park Serv., 604 F.3d at 1198.  "To satisfy [the impairment] element of the intervention test, a would-be intervenor must show only that impairment of its substantial legal interest is possible if intervention is denied.  This burden is minimal." WildEarth Guardians v. U.S. Forest Serv., 573 F.3d 992, 995 (10th Cir. 2009)("If an absentee would be substantially affected in a practical sense by the determination made in an action, he should, as a general rule, be entitled to intervene.").  "Although the intervenor cannot rely on an interest that is wholly remote and speculative, the intervention may be based on an interest that is contingent upon the outcome of the litigation." San Juan County, Utah v. United States, 503 F.3d at 1203 (citation omitted).  If a proposed intervenor's "interest will be prejudiced if it does not participate in the main action, the mere availability of alternative forums is not sufficient to justify denial of a motion to intervene." Utah Ass'n of Counties v. Clinton, 255 F.3d at 1254 (citation omitted).  For purposes of rule 24(a)(2), "sufficient impairment may result even from the 'stare decisis effect' of a district court's judgment," and a court may consider "any significant legal effect in the applicant's interest and [is] not restricted to a rigid res judicata test."

WildEarth Guardians v. Nat'l Park Serv., 604 F.3d at 1199 (emphases in original)(citations omitted).

The would-be intervenor also has the "minimal" burden of showing that its interest will not be adequately represented by the existing parties to the litigation.  WildEarth Guardians v. Nat'l Park Serv., 604 F.3d at 1200.  "The movant must show only the possibility that representation may be inadequate."  WildEarth Guardians v. Nat'l Park Serv., 604 F.3d at 1200 (citation omitted).  "The possibility that the interests of the applicant and the parties may diverge need not be great in order to satisfy this minimal burden."  WildEarth Guardians v. Nat'l Park Serv., 604 F.3d at 1200 (citation omitted).

### 3.    **Permissive Intervention.**

"To permissively intervene, a party need not have a direct personal or pecuniary interest in the subject of the litigation."  San Juan County, Utah v. United States, 503 F.3d at 1207.  The court is required to consider whether intervention will cause undue delay or prejudice when considering whether to grant permissive intervention. See Fed. R. Civ. P. 24(b)(3); DeJulius v. New England Health Care Employees Pension Fund, 429 F.3d 935, 943 (10th Cir. 2005)(noting that district courts must consider undue prejudice or delay in deciding whether to grant permissive intervention).  The Court interprets rule 24(b) to allow permissive intervention when: "(i) the application to intervene is timely; (ii) the applicant's claim or defense and the main action have a question of law or fact in common; and (iii) intervention will not unduly delay or prejudice the adjudication of the original parties' rights."  Wheeler Peak v. L.C.I.2, Inc., No. 07-1117, 2009 WL 521799, at *3 (D.N.M. Oct. 27, 2009)(citing Forest Guardians v. U.S. Dept. of Interior, No. CIV-02-1003 JB/WDS, 2004 WL 3426413, at *10 (D.N.M. Jan. 12, 2004)).  "The grant of permissive intervention lies within the discretion of the district court." Kane County, Utah v. United States, 597 F.3d 1129, 1135 (10th Cir. 2010)(citing City of Stilwell v. Ozarks Rural Elec. Coop., 79 F.3d 1038, 1043 (10th Cir.1996)).

## ANALYSIS

The Court will not allow the Intervenors to intervene in the lawsuit, at least at this time.  The Intervenors' motion is not timely, because discovery has already concluded in this case and litigation is in its final stages, and because what remains is for the parties to go to trial.  Even if the Intervenors' motion was timely, the Court would not allow the Intervenors to intervene in this litigation as a matter of right pursuant to rule 24(a), because the Court is not convinced that disposal of the action before it will, as a practical matter, impair or impede the Intervenors' abilities to protect their interests.  Moreover, even if the Intervenors' motion was timely, the Court would not allow the Intervenors to intervene under rule 24(b), because the Court believes there would be substantial prejudice to the rights of the original parties if the Court would grant the motion, because adding new Plaintiffs would delay the case and likely result in the reopening of discovery.

## I.      THE INTERVENORS' MOTION TO INTERVENE IS NOT TIMELY.

The Defendants allege that the motion to intervene is not timely, because, under an order that the Court entered, the Plaintiffs had until February 15, 2010 to join additional parties, see Order Extending Pre-trial Deadlines, filed February 23, 2010 (Doc. 42)(ordering that the Plaintiffs file motions for joinder of additional parties no later than February 15, 2010), and because the Court's August 21, 2010 MOO granted the Plaintiffs thirty days to join additional terminated employees, see Doc. 69 at 34.  The Defendants further allege that discovery is closed and that they would be prejudiced if the Intervenors joined the lawsuit.

The Intervenors argue that their motion is timely, because, when the Court granted thirty additional days to join Plaintiffs, all pre-trial deadlines were lifted, and new pre-trial and trial deadlines have not been set.  The Intervenors assert that their intervention will therefore cause no, or little, additional expense or delay.

-12-

At the hearing on the motion for class certification, the Court vacated the deadline for pre-trial motions, the deadline for filing discovery motions, the pre-trial conference date, and the trial date and gave the Plaintiffs thirty days to file an amended complaint or notice of joinder, and fifteen days thereafter for the parties to submit a proposed scheduling order. See Tr. at 46:13-18 (Court)("Why don't I vacate the trial date and -- I'll vacate the pretrial conference date. Let me also vacate the deadline for filing discovery [m]otions. It sounds like I probably should vac[ate] the deadline for filing any pretrial motions."); id. at 46:20-21 (Court)("I'll vacate all remaining deadlines."); id. at 49:11-15 (Court)("I'll give . . . the parties 15 additional days to submit me a scheduling order."). The discovery deadline had already passed on May 5, 2010, and the Court did not vacate the discovery deadline. The parties never submitted a proposed scheduling order to the Court; therefore, the Court has not yet set new pre-trial and trial deadlines.

Whether under rule 24(a) or 24(b), a motion requesting intervention must be timely. Timeliness is assessed "in light of all of the circumstances, including the length of time since the applicant knew of his interest in the case, prejudice to the existing parties, prejudice to the applicant, and the existence of any unusual circumstances." Am. Assoc. of People with Disabilities v. Herrera, 257 F.R.D. at 245 (quoting Utah Assoc. of Counties v. Clinton, 255 F.3d at 1250). "The primary purpose of the timeliness requirement is to guard against prejudice to the original parties and not to sanction proposed intervenors who might have intervened earlier." Am. Assoc. of People with Disabilities v. Herrera, 257 F.R.D. at 245 (citation omitted). "Federal courts should allow intervention where no one would be hurt and greater justice could be attained." Am. Assoc. of People with Disabilities v. Herrera, 257 F.R.D. at 245 (citations omitted).

The Court finds that the motion to intervene is not timely, because the timing of the intervention will prejudice the original parties. Although the Court has vacated certain post-

discovery pre-trial and trial deadlines, discovery is closed in this case.  The Court has granted summary judgment on all of the original Plaintiffs' claims, except for Gonzales' FLSA claim.  The parties in this action are now close to trial, which means this case is near its end stage.  Allowing the Intervenors to intervene might delay the final stages of this case.  Under these circumstances, the Court finds that the motion to intervene is timely.  Cf. Am. Ass'n of People with Disabilities v. Herrera, 257 F.R.D. at 245 (stating that intervention is properly denied where, for example, a case is near its end stage, and allowing a party to intervene would cause undue prejudice and delay in the proceeding).

## II.     EVEN IF THE MOTION WAS TIMELY, THE COURT WOULD NOT ALLOW THE INTERVENORS TO INTERVENE AS A MATTER OF RIGHT.

The Intervenors argue that the Court should allow them to intervene as a matter of right under rule 24(a)(2).  The Intervenors assert that they share the Plaintiffs' claim to a property interest in their employment.  They also allege that the issue of a 311 CCC supervisor's classification as exempt from the FLSA's overtime requirements directly impacts them.  They assert that, because relief under the FLSA's provisions requires employees or former employees to individually and expressly opt in to the lawsuit pursuant to 29 U.S.C. § 216, their individual and personal interests in securing their overtime pay will not be represented unless intervention is allowed.

The Defendants assert that the Intervenors cannot satisfy rule 24(a)'s requirements.  They argue that there is no indication that the Intervenors' ability to protect their interests would be impaired or impeded if the litigation is resolved without their involvement.

Rule 24 of the Federal Rules of Civil Procedure states that a court must allow anyone to intervene who, on a timely motion, "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter

-14-

impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest."  Fed. R. Civ. P. 24(a)(2).

The Tenth Circuit has stated that a court should measure a proposed intervenor's claimed interest "in terms of its relationship to the property or transaction that is the subject of the action, not in terms of the particular issue before the district court."  WildEarth Guardians v. Nat'l Park Serv., 604 F.3d at 1198 (citing Utah Ass'n of Counties v. Clinton, 255 F.3d at 1252).  Although a prospective intervenor's interest that is direct, substantial, and legally protectable likely justifies intervention, "other interests may also suffice."  San Juan County, Utah v. United States, 503 F.3d at 1164.

> "[T]he interest test is primarily a practical guide to disposing of lawsuits by involving as many apparently concerned persons as is compatible with efficiency and due process."  *Coalition*, 100 F.3d at 841 (internal quotation marks omitted). This view best reflects the purpose of Rule 24(a)(2).  As the Advisory Committee Notes to the 1966 Amendment state, "If an absentee would be substantially affected in a practical sense by the determination made in an action, he should, as a general rule, be entitled to intervene . . . ."  Fed.R.Civ.P. 24, advisory committee notes (1966 Amendment); *see* Comm. on Rules of Practice and Procedure, Report, Ex. B, *supra* ("The effect of the amendment [to Rule 24] is to provide that if a person who would be affected *in a practical sense* by the disposition of an action is not joined as a party, he has a right to intervene unless he is adequately represented by an existing party."); Mem. from Benjamin Kaplan & Albert M. Sacks (Reporters) to the Advisory Committee on Civil Rules at FF-1, Intervention of Right Rule 24(a) (Apr. 21, 1965)(on file with the Administrative Office of the United States Courts) (same); *see also* 6 Moore et al., *supra*, § 24.03[1][c], at 24-26 ("Although each of the requirements [of Rule 24(a)(2) ] involves distinct issues . . . , all . . . address the same basic question: Will denial of intervention have a significant enough effect on the applicant?").
>
> . . . .
>
> The applicant must have an interest that could be adversely affected by the litigation. But practical judgment must be applied in determining whether the strength of the interest and the potential risk of injury to that interest justify intervention.  We cannot produce a rigid formula that will produce the "correct" answer in every case. The law can develop only incrementally, as each opinion, while focusing on the language and purpose of the Rule, addresses the considerations important to

resolving the case at hand.

503 F.3d at 1195, 1199.  The United States Court of Appeals for the District of Columbia Circuit has also recognized that the interest test is "primarily a practical guide to disposing of lawsuits by involving as many apparently concerned persons as is compatible with efficiency and due process." Foster v. Gueory, 655 F.2d 1319, 1324 (D.C. Cir. 1981)(citations omitted).  The Court of Appeals for the District of Columbia, in addressing whether proposed intervenors could intervene as plaintiffs in a pending employment discrimination suit under Title VII and 42 U.S.C. § 1981, stated:

> Applying the interest criterion as a "practical guide" in the present case, we conclude that intervenors are indeed concerned persons whose involvement in the suit is compatible with efficiency and due process.  Appellants are persons who allege that they have suffered injury from the same or very similar wrongful acts as those complained of by the original plaintiffs, and appellants' claims for relief are founded on the same statutory rights as are the claims of the plaintiffs.  While the individual acts of discrimination suffered by the plaintiffs and the appellants may differ, they each assert their claims as a result of the same "significantly protectable interest," Donaldson v. United States, 400 U.S. 517, 531 . . . (1970), in being free of racial discrimination in employment.

655 F.2d at 1324-25.

At this point in the litigation, the Court has granted summary judgment on Gonzales', Austin's, Clover's, Mora's, Pescetti's, Garcia's, Foster's, Bordlemay's, and Waites' due-process claims, breach-of-contract claims, wrongful termination claims, and FMLA claims.  Gonzales, Austin, Clover, Mora, Pescetti, Garcia, Foster, Bordlemay, and Waites represented that they would dismiss their equal-protection claims.  The Court did not grant summary judgment on Gonzales' FLSA claim.  The Defendants have not moved for summary judgment on any of Otero's or Gutierrez' claims, which include due-process claims, and a request for declaratory relief that they had a property interest in their continued employment.  As a practical matter, the Court finds that the Intervenors are concerned persons, whose involvement in the lawsuit is compatible with

-16-

efficiency and due process.  One of the subjects of this litigation is whether Otero and Gutierrez had a reasonable expectation of continued employment, and therefore, a property interest in their employment at the 311 CCC.  The Intervenors' claims are related to the subject of whether Otero and Gonzales had a property interest, because the Intervenors, who either were or are 311 CCC employees -- just as Otero and Gonzales are former 311 CCC employees -- seek a determination of whether they have or had a property interest in their employment at the 311 CCC.  Another subject of this litigation is whether Gonzales, a former supervisor at the 311 CCC, falls within the executive exemption to the FLSA overtime requirements.   The Intervenors' claims regarding their classification as exempt employees are related to this subject of the litigation, because they are also current or former 311 CCC supervisors who were deemed exempt employees, and they contest that classification as exempt employees.  As in Foster v. Gueory, where the Court of Appeals for the District of Columbia found that proposed intervenors claimed an interest in the subject of the action because they alleged that they suffered injury from the same or similar discriminatory acts as those complained of by the original plaintiffs, and because their claims for relief were founded on the same statutory rights as the original plaintiffs, in this case, the Intervenors' claims that are very similar to the Otero's, Gutierrez', and Gonzales' claims.  The Court therefore finds, as a practical matter, the Intervenors have an interest relating to the subject of the action.  See San Juan County, Utah v. United States, 503 F.3d at 1195.

Although the intervenors have interests relating to the subject matter of the litigation, the Court is not convinced that the Intervenors will be substantially affected in a practical sense by determinations made in this litigation.  The element of impairment presents "a minimal burden." WildEarth Guardians v. Nat'l Park Serv., 604 F.3d at 1198.  "To satisfy [the impairment] element of the intervention test, a would-be intervenor must show only that impairment of its . . . interest is

possible if intervention is denied.  This burden is minimal." <u>WildEarth Guardians v. United States</u>

<u>Forest Service</u>, 573, F.3d at 995 ("If an absentee would be substantially affected in a practical sense

by the determination made in an action, he should, as a general rule, be entitled to intervene.").

"Although the intervenor cannot rely on an interest that is wholly remote and speculative, the

intervention may be based on an interest that is contingent upon the outcome of the litigation." <u>San</u>

<u>Juan County, Utah v. United States</u>, 503 F.3d at 1203.  If a proposed intervenor's "interest will be

prejudiced if it does not participate in the main action, the mere availability of alternative forums

is not sufficient to justify denial of a motion to intervene." <u>Utah Ass'n of Counties v. Clinton</u>, 255

F.3d at 1254 (citation omitted).  For purposes of rule 24(a)(2), "sufficient impairment may result

even from the '*stare decisis* effect' of a district court's judgment,"  and a court may consider "any

significant legal effect in the applicant's interest and [is] not restricted to a rigid *res judicata* test."

<u>WildEarth Guardians v. Nat'l Park Serv.</u>, 604 F.3d at 1199 (citation omitted)(emphases in original).

The Intervenors' interests are not contingent upon the outcome of this action.  The Intervenors could

file a separate suit if the Court denied their motion to intervene.  Although a determination by the

Court that Otero and Gutierrez do not have protected property interests in their employment, or a

jury's determination that Gonzales falls within the executive exemption to the FLSA's overtime

requirements, may have stare decisis effect, if the Intervenors file a separate lawsuit, the lawsuit

could be assigned to a different judge.  The Intervenors could present additional or different

evidence from which the judge could draw a different conclusion.  Moreover, another judge could

conceivably analyze the evidence in a different manner and reach a different conclusion.  The facts

are important in these cases, and different facts might dictate different results.  Furthermore,

whatever damage the Court's opinion and order regarding Gonzales', Austin's, Clover's, Mora's,

Pescetti's, Garcia's, Foster's, Bordlemay's, and Waites' claims might have on the Intervenors'

claims has already occurred, because the Court has already issued its Memorandum Opinion and

Order on the Defendants' summary judgment motion.  The same counsel represents the Intervenors,

the original Plaintiffs, and Otero and Gutierrez so it is unlikely that their counsel would raise new

legal arguments if the Court granted the motion to intervene.  The Court is not convinced that the

Intervenors' interests will be substantially impaired by the past or future determinations in this

action.  The Court will therefore deny the Intervenors' request that the Court allow them to intervene

under rule 24(a)(2).

**III.    EVEN IF THE MOTION WERE TIMELY, THE COURT WOULD NOT ALLOW
          THE INTERVENORS TO INTERVENE UNDER RULE 24(b).**

The Intervenors argue that the Court should allow them to intervene under rule 24(b)(1)(B).

They assert that they have a statutory claim under the FLSA that is the same as Gonzales' claim and

that they have share an interest with the Plaintiffs regarding recognition of their alleged property

interest in their employment.  The Intervenors further argue that, because the Court has temporarily

set aside some of the previous trial deadlines, and a new schedule has not been set, intervention will

not cause additional delay or prejudice to the Defendants, and that if the Intervenors are not allowed

to intervene, they will have to file a separate lawsuit, which will entail additional and unnecessary

delay and expense of time, effort and judicial resources.

The Defendants argue that the Intervenors cannot satisfy rule 24(b)'s requirements.  They

allege that discovery has closed and they would be prejudiced if the intervenors join the lawsuit.

They also allege that the proceedings will be delayed in the Intervenors are allowed to intervene.

Rule 24(b) of the Federal Rules of Civil Procedure states:

**b) Permissive Intervention.**

> **(1) *In General*.** On timely motion, the court may permit anyone to intervene
> who:

-19-

> > **(A)** is given a conditional right to intervene by a federal statute; or
>
> > **(B)** has a claim or defense that shares with the main action a common question of law or fact.
>
> . . . .
>
> > **(3)** ***Delay or Prejudice***. In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights.

Fed. R. Civ. P. 24.  "To permissively intervene, a party need not have a direct personal or pecuniary interest in the subject of the litigation."  San Juan County, Utah v. United States, 503 F.3d at 1207. The court is required to consider whether intervention will cause undue delay or prejudice when considering whether to grant permissive intervention. See Fed. R. Civ. P. 24(b)(3); DeJulius v. New England Health Care Employees Pension Fund, 429 F.3d at 943.  The Court interprets rule 24(b) to allow permissive intervention when: "(i) the application to intervene is timely; (ii) the applicant's claim or defense and the main action have a question of law or fact in common; and (iii) intervention will not unduly delay or prejudice the adjudication of the original parties' rights."  Wheeler Peak v. L.C.I.2, Inc., 2009 WL 521799, at *3 (citation omitted).  "The grant of permissive intervention lies within the discretion of the district court."  Kane County, Utah v. United States, 597 F.3d at 1135 (10th Cir. 2010)(citing City of Stilwell v. Ozarks Rural Elec. Coop., 79 F.3d at 1043).

The Intervenors have claims that share common questions of law or fact with the main action.  The Intervenors seek declaratory and injunctive relief to enforce their property interest in their employment.  The claims share a common question of law with Otero's and Gutierrez' due-process claims, because all the claims turn on whether the employees had or have a protected property interest in their employment.  The claims also share issues of fact, because all the claimants either work or worked at the 311 CCC, and claim that they had a property interest in their continued

employment at the 311 CCC.  The Intervenors also seek compensatory relief under the FLSA, because they believe they are incorrectly classified as exempt from the FLSA's requirements and provisions.  These claims share common questions of law with Gonzales' claim under the FLSA, and because all the claims arise under the same law -- the FLSA -- the claims involve the same question of law -- whether the employees fall within the executive exemption to the FLSA's overtime requirements.  The claims also involve common questions of fact, because all the claimants are either former or current supervisors at the 311 CCC.

If the deadlines for discovery had not already passed, the Court would find that intervention would not unduly delay or prejudice the adjudication of the original parties' rights.  The Court has granted summary judgment on all of the original Plaintiffs' claims, except for Gonzales' FLSA claim.  The Defendants have not yet moved for summary judgment on Otero's or Gutierrez' claims.  Because the Court denied summary judgment on Gonzales' FLSA claim, it is possible that the Defendants do not have a winning summary judgment motion on the Intervenors' FLSA claims, if the factual circumstances regarding the Intervenors are similar to the factual circumstances regarding Gonzales.  Furthermore, there is currently no scheduling order which sets pre-trial or trial deadlines.  Because the Defendants have not yet moved for summary judgment on Otero's and Gutierrez' claims, and because the Court is not convinced that the Defendants have a winning summary judgment motion on the Intervenors' FLSA claims, the Court does not believe that intervention would unduly delay or prejudice adjudication of the original parties' rights if discovery were still available.  Given, however, that the discovery deadlines have passed, the Court believes adding new Plaintiffs would delay the case and likely, to be fair to the new parties, result in the reopening of discovery.  For that reason, the Court will deny the motion without prejudice to the Plaintiffs renewing the request if the Court reopens discovery for Otero and Gutierrez, and if the

Intervenors still wish to enter in this case. At the present time, however, the Court finds that there

be substantial prejudice to the rights of the original parties if the Court grants the motion.

      **IT IS ORDERED** that the Motion to Intervene, filed September 22, 2010 (Doc. 74) is

denied without prejudice to the Intervenors renewing their request if the Court opens discovery for

Plaintiff Alfred Otero and Roberta Gutierrez.

 

                                 _____
                                   UNITED STATES DISTRICT JUDGE

*Counsel:*

Paul Livingston
Placitas, New Mexico

    *Attorney for the Plaintiffs*

Robert J. Perry
  City Attorney
Michael I. Garcia
City of Albuquerque Legal Department
The City of Albuquerque
Albuquerque, New Mexico

-- and --

Edward W. Bergmann
Seyfarth Shaw LLP
Chicago, Illinois

    *Attorneys for the Defendants*